IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TAURUS WIGGINS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.:   WDQ-13-1925
CRIMINAL NO.:   WDQ-09-0287

MEMORANDUM OPINION

Taurus Wiggins was convicted by a jury of conspiracy to distribute a controlled substance. ECF No. 308. On November 3, 2011, he was sentenced to 262 months imprisonment. *Id.* Pending is Wiggins's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 365. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, Wiggins's motion will be denied.

I. Background

On May 26, 2009, Wiggins was indicted on one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846.[1] ECF No. 1. On May 28, 2009, C. Justin Brown, Esquire, was

---

[1] On April 13, 2010, the government filed a superseding indictment that charged Wiggins with the same crime. ECF No. 184.

appointed to defend him. ECF No. 25. At his July 2, 2009 arraignment, Wiggins pled "not guilty." ECF No. 65.

On July 17, 2009, Brown moved to withdraw as counsel. ECF No. 75. He noted that Wiggins had stated "in court that he does not recognize the legality of these proceedings against him" and that he did not want Brown to represent him. ECF No. 75 at 1. When asked by then Magistrate Judge James K. Bredar if he wanted to proceed *pro se*, however, Wiggins had remained silent. *Id.* at 1-2. On July 22, 2009, after a hearing, Brown's motion was granted.[2] ECF Nos. 86, 87.

On August 6 and 7, 2009, Gerard Patrick Martin, Esquire, and Paul Martin Flannery, Esquire, were appointed to defend Wiggins. ECF Nos. 95, 97.

On January 13, 2010, Wiggins moved, *pro se*, to strike Martin and Flannery and any other counsel the court "may appoint without [his] consent." ECF No. 161 at 1. On February 2, 2010, after a hearing, Magistrate Judge Susan K. Gauvey denied the motion. ECF No. 170. She stated "there has been no indication

---

[2] At the hearing, Judge Bredar warned Wiggins that, "without a lawyer . . . you are left having to represent yourself in what is a very serious case with very substantial charges pending against you and if you are convicted there is the prospect of a very lengthy term of imprisonment." ECF No. 243 at 3. He also explained, in detail, the nature of the charge against Wiggins in the superseding indictment and the source of the Court's jurisdiction over him. *See id.* at 5-12.

. . . that Mr. Martin and Mr. Flannery have acted in any way outside of your interest." ECF No. 244 at 18-19.

On April 1, 2010, Flannery and Martin filed a motion to suppress wiretapping evidence for Wiggins. ECF No. 174 (sealed). On April 9, 2010, Wiggins filed a motion, *pro se*, entitled "Omnibus Pre-Trial Motions." ECF No. 180. He moved to, *inter alia*, "strike [the] appearance of ineffective court appointed lawyers for cause" and for appointment of his uncle as counsel.[3] See ECF Nos. 180 at 2, 245 at 16. He also argued that the Court lacked jurisdiction over him and demanded dismissal of the indictment. See ECF No. 180 at 3-6. He also moved for discovery. *Id.* at 8-15.

On June 1, 2010--the first day of the scheduled trial--the Court held a motions hearing. ECF No. 219. At the hearing, Wiggins stated that "Mr. Flannery and Mr. Martin are not my attorneys. I never consented to them representing me, and I don't consent to them representing me now." ECF No. 236 at 2. He stated that he could possibly represent himself, but he wanted to review the discovery.[4] See *id.* at 3-5. The Court

---

[3] Wiggins's uncle--who is not an attorney--never entered an appearance for Wiggins.

[4] The government noted that Wiggins was asserting the "flesh and blood defense" in which a defendant insists on self-representation, claims not to understand the meaning of the law, and argues that the Court has no jurisdiction over him. ECF Nos. 236 at 7, 368 at 2 & n.1.

3

granted Wiggins's motion to discharge Flannery and Martin and ordered the government to provide Wiggins with discovery. *See id.* at 11-15. The Court rescheduled trial for January 3, 2011. *Id.* at 15.

On November 19, 2010, Charles Neilson Curlett, Jr., Esquire, was appointed as standby counsel for Wiggins. ECF Nos. 230, 245 at 2-3.

On December 16, 2010, the Court held a hearing on Wiggins's omnibus motion. ECF Nos. 239, 245 at 2 (hearing transcript). Wiggins asserted, *inter alia*, that there was no diversity or admiralty jurisdiction over the proceedings. *See, e.g.*, ECF No. 245 at 7. At the hearing, the Court explained to Wiggins that--because the government was prosecuting him pursuant to a criminal statute passed by Congress--the jurisdictional rules governing civil cases did not apply.[5] *See, e.g., id.* at 4-7. The Court also asked Wiggins several questions to ascertain his competence to represent himself. *See id.* at 35. Although he answered some of the Court's questions, in response to the Court's other questions, Wiggins repeatedly stated "I don't stand under this" or stated that he did not understand. *See id.* at 32-41. At the conclusion of the hearing, the Court reset the trial date. *Id.* at 47.

---

[5] The Court also noted that removal jurisdiction did not apply, because Wiggins was not a federal officer facing state criminal charges. *See* ECF No. 245 at 26.

4

On February 28, 2011, by written opinion, the Court denied Wiggins's counseled motion to suppress and *pro se* omnibus motion. ECF No. 250. The Court held that it had "original federal criminal jurisdiction over Wiggins." ECF No. 250 at 13. The Court denied Wiggins's motion to dismiss the indictment, noting that "Wiggins need not consent to prosecution," and "the allegations in the superseding indictment, if true, state a drug conspiracy offense." *Id.* at 15. The Court also denied Wiggins's request to represent himself, concluding, *inter alia*, that he had not "clearly and unequivocally invoked his self-representation right." *Id.* at 21-22.

On March 31, 2011, after a hearing, Magistrate Judge Beth P. Gesner granted Curlett's motion to withdraw.[6] ECF Nos. 264, 268. On April 1, 2011, Arcangelo M. Tuminelli, Esquire, was appointed to defend Wiggins. ECF No. 269. The same day, the Court continued the trial date in light of the change of counsel. ECF No. 270.

On August 29, 2011, the morning of trial, Wiggins stated that he "elect[ed] self-representation." ECF No. 334 at 2. The Court allowed Wiggins to represent himself, but warned Wiggins that "a trained lawyer would defend [him] far better than [he]

---

[6] Curlett moved to withdraw because Wiggins's uncle told him that if Curlett did not withdraw, he would put a lien on Curlett's home and file a disciplinary complaint against him. ECF No. 264 at 1-2.

could defend [himself]." *Id.* at 2-3, 12. The Court emphasized that self-representation was unwise "[i]n light of the penalty that [he] might suffer and . . . all the difficulties in [self-representation]." *Id.* at 12. Tuminelli served as Wiggins's standby counsel during trial. *Id.* at 3.

At trial, the government presented wiretap and testimonial evidence that, in November and December 2008, Wiggins and several others conspired to sell heroin on Pennsylvania Avenue in Baltimore City. *See, e.g.*, ECF No. 334 at 92-97, 103, 116 (trial transcript). Wiggins's job in the conspiracy was to watch out for the police while others distributed the drugs. *Id.* at 93.

On August 31, 2011, the jury convicted Wiggins of conspiring to distribute and possess with intent to distribute 100 grams of heroin. ECF Nos. 308, 336 at 91. On November 4, 2011, Wiggins was sentenced to 262 months imprisonment.[7] ECF No. 308.

On November 10, 2011, Wiggins appealed. ECF No. 310. Marc L. Resnick, Esquire, was appointed to represent Wiggins on appeal. ECF No. 315. Through counsel, Wiggins argued that the

---

[7] On October 12, 2011, the United States Probation office completed a pre-sentence report ("PSR"). The report concluded that Wiggins's offense level was 34. PSR at 4 (sealed). He was a career offender--with a criminal history category of VI--because of three prior felony convictions in the Circuit Court for Baltimore City, Maryland. *Id.* at 4-7. The PSR recommended a sentence of 262 to 327 months imprisonment. *Id.* at 8.

Court erred in finding that he unequivocally waived his right to counsel, that the Court should not have allowed him to proceed *pro se* because his arguments were frivolous, and that the Court erred in failing *sua sponte* to order a hearing on Wiggins's competency to represent himself. *See United States v. Wiggins*, 492 F. App'x 414, 415-16 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 487, 184 L. Ed. 2d 306 (2012). The Fourth Circuit affirmed. *Id.* at 416.

On July 1, 2013, Wiggins moved to vacate, set aside, or correct his sentence under § 2255. ECF No. 365. On September 16, 2013, the government opposed the motion. ECF No. 368. On October 15, 2013, Wiggins replied. ECF No. 371.

II. Analysis

Wiggins contends that his sentence should be vacated under § 2255 because: (1) the Court lacked jurisdiction over him because Baltimore City is not within the territory of the United States, and there was no diversity of citizenship jurisdiction; (2) the indictment fails to state a claim because his actions did not cause "injury in fact" or loss to anyone; and (3) the indictment is defective because it does not properly charge him with the offense for which he was convicted. ECF No. 365 at 2-8. The government argues that Wiggins procedurally defaulted these claims by failing to raise them on appeal, and that they fail on the merits. *See* ECF No. 368 at 10.

A. Jurisdiction

"District courts may dismiss frivolous or patently absurd contentions asserted in a § 2255 petition." *Chiles v. United States*, CIV.A. 5:07CV65, 2009 WL 1974306, at *2 (N.D.W. Va. July 6, 2009) (dismissing petition that claimed Weirton, West Virginia was not within the jurisdiction of the United States) (*citing Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)). Wiggins's jurisdictional arguments are frivolous. In denying Wiggins's *pro se* pretrial motions, the Court held that it has "original federal criminal jurisdiction over Wiggins."[8] *Wiggins*, 2011 WL 806383, at *5. Diversity of citizenship jurisdiction is applicable to civil cases, not criminal cases.[9] 28 U.S.C. § 1332(a). Wiggins's contention that Baltimore City is not within the jurisdiction of the United States is patently absurd. These claims are not a basis for relief under § 2255.

---

[8] The Court stated that it had subject matter jurisdiction, because "[f]ederal . . . court[s] ha[ve] exclusive power to adjudicate" violations of the federal Controlled Substances Act, and territorial jurisdiction "because the offenses were committed within this District." *United States v. Wiggins*, CRIM. WDQ-09-0287, 2011 WL 806383, at *5 (D. Md. Mar. 1, 2011); *see also Wiggins*, 492 F. App'x at 416 (characterizing Wiggins's jurisdictional arguments before the district court as "frivolous").

[9] Similarly, as the Court previously discussed when denying Wiggins's pretrial motions, Wiggins's arguments about federal jurisdiction over cases against federal officers removed from state court are inapplicable to his criminal case. *See* ECF Nos. 245 at 26, 371 at 5-8; *Wiggins*, 2011 WL 806383, at *5; 28 U.S.C. § 1442.

B. Procedural Default

Wiggins contends that the indictment "failed to state a claim"[10] and failed to properly allege the charged crime.[11]  ECF No. 365 at 6, 8.  Wiggins did not raise these arguments on appeal.  *See Wiggins*, 492 F. App'x at 415-16.

A defendant procedurally defaults on a claim if he could have raised it on direct appeal but failed to do so.  *See United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012); *United States v. Ilodi*, 982 F. Supp. 1046, 1049 (D. Md. 1997) (rejecting § 2255 petitioner's challenges to sufficiency of indictment because claims were procedurally defaulted).  He may bring a procedurally defaulted claim in a § 2255 motion only if he "can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom." *Fugit*, 703 F.3d at 253 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  "To establish actual innocence,

---

[10] In his reply, Wiggins argues that the government lacked Article III standing and prudential standing "to challenge [his] conduct as violative of federal law."  ECF No. 371 at 3-5. These standards govern civil--not criminal--cases. *Cf. Wayte v. United States*, 470 U.S. 598, 607, 105 S. Ct. 1524, 1530, 84 L. Ed. 2d 547 (1985) ("So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute . . . generally rests entirely in his discretion.").

[11] Wiggins also argues that the alleged defects in the indictment deprived the Court of jurisdiction.  *See* ECF No. 365 at 6, 8. However, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002).

petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted).

Wiggins does not assert in either his petition or reply brief that he is innocent of the offense of which he was convicted, nor does he discuss the sufficiency of the evidence at trial. He also does not address his failure to raise these arguments on appeal. Accordingly, Wiggins may not bring these procedurally defaulted claims in his § 2255 motion. *See, e.g., Boyd v. United States*, 7:08CR00003, 2014 WL 1653065, at *2-*3 (W.D. Va. Apr. 24, 2014) (dismissing procedurally defaulted claims when defendant did not assert cause for default or argue that he was factually innocent of the offenses at issue). Wiggins's § 2255 motion will be denied.

C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

10

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Wiggins has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Wiggins's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied.

5/14/14
Date

William D. Quarles, Jr.
United States District Judge